# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-08874-RGK-KS | Date | October 24, 2019 |
|---|---|---|---|
| Title | *ERIKA NOLFF v. PERFORMANCE FOOD GROUP, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

## I. INTRODUCTION

On July 1, 2019, Erika Nolff ("Plaintiff") filed a complaint against Defendant Performance Food Group, Inc. ("PFG") alleging common law and statutory claims based on discrimination in the workplace. On August 7, 2019, PFG removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. The Court remanded the action for lack of subject matter jurisdiction on August 12, 2019. In particular, the Court held that PFG failed to prove that the amount in controversy exceeded $75,000 by a preponderance of the evidence.

On September 4, 2019, Plaintiff filed a First Amended Complaint ("FAC") in state court. The only significant difference between the Complaint and the FAC is that the FAC adds a new defendant: Benjamin Yoo ("Yoo"). Otherwise, the FAC asserts the same claims as those alleged in the Complaint.

On October 15, 2019, Defendants PFG and Yoo (collectively, "Defendants") removed the action to this Court for the second time, again invoking the Court's diversity jurisdiction. Defendants assert that although Yoo is a non-diverse party, his citizenship can be disregarded because he is a sham defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds.")

Upon review of Defendants' Notice of Removal, the Court hereby **REMANDS** the action to state court for all further proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08874-RGK-KS | Date | October 24, 2019 |
| Title | *ERIKA NOLFF v. PERFORMANCE FOOD GROUP, INC.* | | |

## II. JUDICIAL STANDARD

### A. Successive Removals

In general, a party may not file a successive notice of removal on the same grounds where the district court has previously remanded the action. *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). "A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (emphasis in original)). "Successive removals are therefore improper '[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) (quoting another source).

The Ninth Circuit has provided examples of a "relevant change of circumstances" sufficient to allow for a successive removal. For instance, a relevant change of circumstances exists where an amended pleading establishes a new basis for removal, which did not exist in the original complaint. *Reyes*, 781 F.3d at 1188 (citing *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974)). Moreover, an intervening change of law giving rise to a new basis for subject-matter jurisdiction qualifies as a "relevant change of circumstances." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-08874-RGK-KS | Date | October 24, 2019 |
|---|---|---|---|
| Title | *ERIKA NOLFF v. PERFORMANCE FOOD GROUP, INC.* | | |

### III.  DISCUSSION

Defendants contend that removal is appropriate because of the following email which Plaintiff's counsel purportedly sent to Defendants' counsel on September 13, 2019:

> **From:** Abe Tang <abetanglaw@gmail.com>
> **Sent:** Friday, September 13, 2019 9:56 AM
> **To:** Kane, Matthew C. <MKane@mcguirewoods.com>
> **Cc:** Zhao, Tony P. <TZhao@mcguirewoods.com>; Kim, Sylvia J. <SKim@mcguirewoods.com>
> **Subject:** Re: Nolff v. Performance Food Group, Inc.
>
> Hi Matt,
>
> Thanks for your patience. First, please confirm that your office has received the First Amended Complaint and whether your office will be authorized to accept service of the Summons and FAC on behalf of Mr. Yoo. ==Second, please confirm your agreement that your office will not use any settlement communications towards seeking to re-remove this case to federal court.==
>
> Upon confirmation of these points, I will be authorized to communicate Ms. Nolff's initial settlement demand to Defendants.
>
> Thanks!
>
> Abe

(Notice of Removal at 27, ECF No. 1 (highlighting in original).)

According to Defendants, this email reveals that Plaintiff places "a value exceeding $75,000 on her claims in this action." (Notice of Removal ¶ 15.) The Court disagrees. This email does not evidence any particular demand offer in this case. In fact, upon review of the entire email chain, it is clear that Plaintiff intentionally avoided making a demand offer in order to avoid this very scenario. On August 16, 2019, Plaintiff's counsel informed Defendants' counsel that he would "look into a proposed demand." (Ex. N.) Defendants' counsel then attempted to follow-up regarding the demand on August 29, 2019, and again on September 10, 2019. (*Id.*) On September 13, 2019, Plaintiff's counsel responded with the email above—clearly indicating that Plaintiff would *not* be making a demand offer *unless* Defendants agreed not to use that demand to re-remove the case. Although this email may hint that Plaintiff was planning to make a settlement demand exceeding $75,000, it does not disclose that such a demand was ever made. Accordingly, because Defendants have not shown "that the posture of the case

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08874-RGK-KS | Date | October 24, 2019 |
|---|---|---|---|
| Title | *ERIKA NOLFF v. PERFORMANCE FOOD GROUP, INC.* | | |

has so changed that it is substantially a new case," this successive attempt at removal was improper. *Leon*, 76 F. Supp. 3d at 1063 (quoting another source).

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          _____